UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID R. HAWKINSON,

            Plaintiff,

v.                                      Case No. 23-cv-634-pp

VIRGINIA TRZEBIATOWSKI,
HANNA UTTER, DEREK HENNING,
RACHEL COTTON, STEVEN BOST,
JENNIFER KILMER, ELLYN BAKER,
LARISSA SOQUET YONASH and ALAN DEGROOT,

            Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO INTERVENE (DKT. NO. 21), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 22), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 23), DIRECTING DEFENDANTS WHO HAVE BEEN SERVED TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 23), DENYING AS MOOT PLAINTIFF'S MOTION TO CORRECT RECORD (DKT. NO. 24) AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT (DKT. NO. 25)**

      Plaintiff David R. Hawkinson, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983. On November 13, 2023, the court screened the amended complaint and allowed the plaintiff to proceed on Eighth Amendment medical care claims based on allegations that defendants Trzebiatowski and Utter denied him and/or delayed providing him treatment for his back and neck conditions; that defendants Henning, Cotton, Bost, Kilmer, Baker and Yonash knew about the plaintiff's painful condition but did not provide him with medical care; and that defendant DeGroot knew about the plaintiff's condition

1

but did not help him. Dkt. No. 19 at 16; see also Dkt. No. 20 (Amended Complaint). This order addresses several motions that the plaintiff has filed since.

I. **Motion to Intervene (Dkt. No. 21)**

The plaintiff filed a motion to intervene under 42 U.S.C. §1997c. Dkt. No. 21 at 1. He states that the Wisconsin Department of Corrections is "disabling and killing its prisoners[]" and that it "has adopted a circular system that delays and denies medical care[]" which leaves victims in pain, has shortened some lives and has killed some. Id. The plaintiff reiterates some of the allegations from his amended complaint and says that he has experienced delays in treatment that have caused him pain. Id. at 1-2. He also says that other incarcerated individuals have experienced delays and denials of medical care. Id. at 2. He says that he knows of one case personally in which "they denied a prisoner simple care for his heart and now that prisoner has a pacemaker." Id. The plaintiff also states that he "watched the Oshkosh Correctional Institution for 1 hour and 20 minutes while they allowed a prisoner to die as they were bringing him out of his cell." Id.

The court cannot grant the plaintiff's 42 U.S.C. §1997c motion, because that statute does not authorize a private right of action. See Montezello v. Pesce, No. 21-cv-906, 2022 WL 17584384, at *1 (E.D. Cal. Dec. 12, 2022). The statute gives the United States Attorney General standing (authority to sue) to bring civil rights actions to protect incarcerated persons against a pattern of violations of their rights. See Cooper v. Sumner, 672 F. Supp. 1361, 1367 (D.

2

Case 2:23-cv-00634-PP   Filed 01/31/24   Page 2 of 12   Document 32

Nev. 1987); 42 U.S.C. §1997c.[1] Because the statute does not authorize the plaintiff to intervene, the court will deny the plaintiff's motion.

## II. Motion to Compel (Dkt. No. 22)

The plaintiff has filed a document titled Motion to Compel in which he asks the court to order the defendants to answer the complaint. Dkt. No. 22. Defendants Utter, Henning, Cotton, Bost, Kilmer, Baker, Yonash and DeGroot timely answered the complaint on January 10, 2024. Dkt. No. 31. Defendant Trzebiatowski has not yet been served, but on January 9, 2024, the Clerk of Court transmitted case materials to the United States Marshals Service for the purpose of serving Trzebiatowski. Dkt. No. 30. Once Trzebiatowski has been served, the time for her to file an answer will start to run. Every defendant who has been served has answered. The one remaining defendant has not yet been

---

[1] The statute provides in relevant part:

> (1) Whenever an action has been commenced in any court of the United States seeking relief from egregious or flagrant conditions which deprive persons residing in institutions of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing them to suffer grievous harm and the *Attorney General* has reasonable cause to believe that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, *the Attorney General,* for or in the name of the United States, may intervene in such action *upon motion by the Attorney General.*
>
> (2) The Attorney General shall not file a motion to intervene under paragraph (1) before 90 days after the commencement of the action, except that if the court determines it would be in the interests of justice, the court may shorten or waive the time period.

42 U.S.C. §1997c(a). (Emphasis added.)

3

Case 2:23-cv-00634-PP   Filed 01/31/24   Page 3 of 12   Document 32

served with the plaintiff's complaint so could not have answered. The court will deny the plaintiff's motion to compel.

The court advises the plaintiff that a "motion to compel" generally relates to discovery. See Federal Rule of Civil Procedure 37. Only when the court issues the scheduling order may the parties may begin requesting and trading discovery, that is, asking each other for information that they believe they need to support their arguments. The scheduling order will contain more information about the discovery process. If one party does not respond to another party's discovery request, the requesting party may file a motion asking the court to "compel" the other party to provide the information, but before filing a motion to compel, the requesting party first must contact the other party and try to resolve the issue without court intervention. See Fed. R. Civ. P. 37(a); Civil L.R. 37 (E.D. Wis.).

### III. Motions for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 23)

The plaintiff has asked the court for an order "to stop retaliatory behavior." Dkt. No 23 at 1. He says that the health services unit and staff have unfettered access to his accounts, and he asks the court to order that no monies be removed from his account as a "Copayment' as long as this case is open. Id. According to the plaintiff, he will suffer continual damage until he receives "meaningful medical care," and he asks the court to order that he be seen by a neurologist and a hand specialist and to order that the institution staff carry out the orders of these specialists. Id. at 3. The plaintiff also asks the court to order Green Bay Correctional Institution to stop removing all

4

monies for the Health Services Unit (HSU) from his accounts until this case is settled, especially co-payments because HSU can remove these funds without permission. Id. He says this is a common retaliatory behavior and was done on November 16, 2023 to make sure he could not make his partial payment in Case No. 23-cv-1407, another case he's filed in this district. Id. The plaintiff also appears to ask the court to prohibit the Department of Corrections from transferring him, saying that this is "one of the tactics they use to make you go through the entire process of receiving medical care." Id.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) he likely will suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Mays, 974 F.3d at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays, 974 F.3d

at 818 (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of litigation by incarcerated persons, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The primary basis of the plaintiff's motion appears to be his request for the court to order the institution to stop alleged retaliatory behavior related to access to his accounts. Dkt. No. 23 at ¶1. Injunctive relief is appropriate only if it seeks relief from actions similar to the plaintiff's claims in the underlying case. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); Neuroscience, Inc. v. Forrest, No. 12-cv-813, 2013 WL 6331348 at *1 (W.D. Wis. Dec 5, 2013). The plaintiff is not proceeding on any retaliation claims or on any claims related to his accounts. The court will deny the plaintiff's motions for temporary restraining order and preliminary injunction based on these allegations as well as on his request that the court order that he not be transferred to another institution.

The plaintiff also has requested that the court order that he be seen by a rheumatologist and a hand specialist and that the defendants "carry out the orders of these specialists." Dkt. No. 23 at ¶12. According to the plaintiff, if he does not receive meaningful medical care, he may suffer irreparable nerve damage and he states that "he has been denied medical care contrary to a physician's advice." Id. at ¶3. On November 13, 2023, the court denied the plaintiff's first motion for a temporary restraining order and preliminary injunction, stating in part:

> The plaintiff's motion asks only for "meaningful medical care," dkt. no. 14 at ¶10; in his amended complaint, the plaintiff already has requested meaningful medical care that will stop or slow down damage and relieve pain, dkt. no. 13-1 at ¶70. The plaintiff's complaint describes ongoing, increasing, debilitating neck and back pain. Although the plaintiff says he received relief from an epidural injection for his neck pain, he says he has not received treatment for his back condition. On the other hand, the plaintiff has not requested specific relief. The court cannot grant his motion for preliminary injunction for "meaningful medical care" without a more specific explanation of the relief the plaintiff seeks. The court will deny the plaintiff's motions for preliminary injunction and temporary restraining order. The plaintiff may file a renewed motion for a preliminary injunction if he still believes such relief is necessary. If the plaintiff files a renewed motion, he must request specific relief so that the defendants can respond to the motion.

Dkt. No. 19 at 18-19.

The plaintiff's current motion requests specific relief—he says he wants the court to order him to be seen by a rheumatologist and a hand specialist and for the court to order the defendants to follow the recommendations of those specialists. The court will order the defendants who have been served to respond to the plaintiff's motion for preliminary injunction regarding that

7

Case 2:23-cv-00634-PP   Filed 01/31/24   Page 7 of 12   Document 32

request. The court will deny the plaintiff's motion for temporary restraining order because it is redundant to his motion for preliminary injunction.

### IV. Motion to Correct Record (Dkt. No. 24)

The plaintiff has filed a motion to correct the record, in which he says that after he filed his motion to intervene, he received an electronic filing notice that said he had filed an amended complaint. Dkt. No. 24. He says he did not file an amended complaint and that on July 28, 2023, he filed a proposed amended complaint on which he wants to proceed. Id. On November 13, 2023, the court screened the proposed amended complaint that it received from the plaintiff on July 28, 2023. Dkt. No. 19. The proposed amended complaint was originally docketed as an attachment to the plaintiff's motion to amend (Dkt. No. 13-1) and when the court screened the amended complaint, it ordered the Clerk of Court to docket that complaint (Dkt. No. 13-1) as the operative complaint, which the clerk did on November 13, 2023 (Dkt. No. 20). Dkt. No. 19. The court received the plaintiff's motion to intervene the next day. Dkt. No. 21. The court will deny as moot (unnecessary) the plaintiff's motion to correct the record and along with this order, will send the plaintiff a copy of the case docket.

### V. Motion for Leave to File Supplemental Complaint (Dkt. No. 25)

The plaintiff asks to add a defendant, Christopher Stevens, to the amended complaint based on the "Continuing Wrongs doctrine." Dkt. No. 25 at ¶2. He states that if he cannot add this defendant to the existing complaint, he will file a separate case. Id. at ¶1.

The plaintiff says that Stevens was informed of the delay and denial of the plaintiff's medical care on two occasions, and that he responded to the plaintiff twice. Id. at ¶3. Stevens allegedly first responded to the plaintiff on July 13, 2023, related to "DAI-2023-56956," and he told the plaintiff that the plaintiff had already raised "these issues" through the filing of an "inmate complaint," that it was being investigated and that the plaintiff should allow more time for the investigation to conclude. Id. at ¶4-5. The plaintiff alleges that Stevens's next contact was on August 24, 2023, related to "DAI-2023-59664;" and reiterates that the plaintiff already had filed "an inmate complaint on this issue (GBCI-2023-9773)," that the plaintiff's appeal of that complaint had been reviewed and that a final decision was pending. Id. at 6-7. Allegedly, Stevens also noted that the plaintiff had referenced "staff members as being 'minions' who are 'manipulating policies and procedures[]'" and he encouraged the plaintiff "to use caution when making references regarding other individuals in the future as this type of derogatory language and communication will not be tolerated." Id. at ¶8. Stevens allegedly said that the plaintiff had violated DOC 303.29 Disrespect and "may be subject to discipline." Id.

The plaintiff alleges that Stevens is responsible for staffing at Green Bay, has failed his constitutional duty, is responsible for the health and safety of all persons in his care and has failed in this duty. Id. at ¶9-10. The plaintiff alleges that Stevens disregarded the plaintiff's health and safety. Id. at ¶11. He says Stevens can arrange for alternate transportation to medical appointments,

9

but he has not, and that he can order that incarcerated persons be given health care outside the institution but he has not authorized proper, timely medical care for the plaintiff. Id. at ¶¶12-14

Federal Rule of Civil Procedure 15(d) allows the court to permit a party to serve a supplemental pleading "setting out any transactions, occurrence, or event that happened after the date of the pleading to be supplemented." The plaintiff seeks to proceed on an Eighth Amendment medical care claim against Stevens based on events that relate to the claims raised in his amended complaint and that took place after the events alleged in the amended complaint. The plaintiff's allegations that Stevens knew about the plaintiff's ongoing painful medical conditions and had the ability to help him but did not do so, state a claim under the Eighth Amendment. Allowing the supplement will not unduly delay this case because not all the defendants have been served. The court will grant the plaintiff's motion to file supplemental complaint and the pleading (Dkt. No. 25) will be considered part of the operative complaint.

## VI. Conclusion

The court **DENIES** the plaintiff's motion to intervene. Dkt. No. 21.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 22.

The court **DENIES** the plaintiff's motion for temporary restraining order. Dkt. No. 23.

The court **ORDERS** that, by the end of the day on **February 21, 2024**, the defendants who have been served must respond to the plaintiff's motion for

preliminary injunction regarding his medical condition and the plaintiff's request that the court order him to be seen by a rheumatologist and hand specialist and that the defendants follow the specialists' recommendations. Dkt. No. 23.

The court **DENIES AS MOOT** the plaintiff's motion to correct the record. Dkt. No. 24.

The court **GRANTS** the plaintiff's motion for leave to file a supplemental complaint against defendant Christopher Stevens. Dkt. No. 25. The court **DIRECTS** the Clerk of Court to add Christopher Stevens to the docket as a defendant.

The court **DIRECTS** the clerk to edit the docket text for Dkt. No. 25 to reflect that it is the plaintiff's supplemental complaint. The operative complaint consists of the amended complaint (Dkt. No. 20) and the supplemental complaint (Dkt. No. 25).

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint (Dkt. No. 20) and the supplemental complaint (Dkt. No. 25) and this order to the Wisconsin Department of Justice for service on defendant Christopher Stevens. Under the informal service agreement, the court **ORDERS** defendant Stevens to file a responsive pleading to the amended complaint and supplemental complaint within sixty (60) days.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the supplemental complaint (Dkt. No. 25) and this order on defendant Virginia

Trzebiatowski under Federal Rule of Civil Procedure 4. Congress requires the Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the Marshals Service to waive these fees. The current fee for waiver-of-service packages in $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in the collection of the fee.

The court **ORDERS** defendant Trzebiatowski to file a responsive pleading to the supplemental complaint.

The court **ORDERS** that defendants Utter, Henning Cotton, Bost, Kilmer, Baker, Yonash and DeGroot must file a responsive pleading to the supplemental complaint by the end of the day on **February 21, 2024**.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

                         **BY THE COURT:**

                         **HON. PAMELA PEPPER**
                         **Chief United States District Judge**

12

Case 2:23-cv-00634-PP   Filed 01/31/24   Page 12 of 12   Document 32