IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DAVID R. HAWKINSON,

Plaintiff,

v. Case No. 23-CV-0634

HANNAH UTTER,
DEREK HENNING,
JENNIFER KILMER,
ELLYN BAKER,
ALAN DEGROOT,
STEVEN BOST,
LARISSA SOQUET YONASH,
RACHEL COTTON,
VIRGINIA TRZBIATOWSKI,
CHRISTOPHER STEVENS,

Defendants.

---

# STATE DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

---

Plaintiff David Hawkinson (Hawkinson) is an inmate in the Wisconsin Department of Corrections' custody housed at all times relevant to this lawsuit at Green Bay Correctional Institution (Green Bay). The Court allowed Hawkinson to proceed on Eighth Amendment deliberate indifference claims against:

- Defendants Hannah Utter and Virginia Trzebiatowski for allegedly knowing about Hawkinson's severe back and neck pain yet denying or delaying Hawkinson medical treatment for those conditions;
- Defendants Derek Henning, Rachel Cotton, Steven Bost, Jennifer Kilmer,

Ellyn Baker, and Larissa Sonquet Yonash for not providing Hawkinson medical care despite knowing about Hawkinson's severe back and neck pain;

- Defendant Al DeGroot for allegedly knowing about Hawkinson's severe back and neck pain based on Hawkinson's administrative complaint but not helping Hawkinson; and
- Defendant Christopher Stevens for allegedly knowing about Hawkinson's severe back and neck pain and not helping Hawkinson despite having the ability to help Hawkinson.

(Defendants' Proposed Findings of Fact (DPFOF) ¶¶ 1-2.)

Hawkinson failed to exhaust his claims against Defendants DeGroot and Stevens because he never mentioned Stevens in any inmate complaint related to this case's claims and he never fully exhausted any inmate complaint against DeGroot. As Hawkinson failed to exhaust his administrative remedies in accordance with Wis. Admin. Code ch. DOC 310, DeGroot and Stevens are entitled to summary judgment on exhaustion grounds and Hawkinson's claims against DeGroot and Stevens must be dismissed.[1]

## STATEMENT OF THE CASE

This Court allowed Hawkinson to proceed on Eighth Amendment deliberate indifference claims against Green Bay Inmate Complaint Examiner (ICE) Al DeGroot

---

[1] As the State Defendants acknowledge Hawkinson exhausted his claims against the State's medical Defendants in this case, the claims against the medical Defendants will not be discussed further in this brief. The State does not represent Defendant Virginia Trzebiatowski and makes no assertions on Defendant Trzebiatowski's behalf.

and Green Bay Warden Christopher Stevens. Hawkinson alleges he suffered from debilitating back and neck pain for years, and multiple Green Bay staff members have delayed or denied him medical treatment for those conditions. As to DeGroot and Stevens specifically, Hawkinson alleges DeGroot knew about Hawkinson's severe back and neck pain because DeGroot was an ICE who reviewed Hawkinson's inmate complaint concerning Hawkinson's alleged lack of medical care, yet DeGroot did not help Hawkinson. Hawkinson also claims Stevens knew about Hawkinson's conditions as the Green Bay Warden and through direct correspondence with Hawkinson, yet Stevens also did not help Hawkinson despite having the ability to do so. *Id.*

**Pertinent Inmate Complaints**

Hawkinson filed three inmate complaints related to Hawkinson's claims in this lawsuit. They are inmate complaints GBCI-2021-15929, GBCI-2023-257, and GBCI-2023-9773. Hawkinson did not submit any inmate complaints regarding Warden Christopher Stevens and Hawkinson's lack of medical care or any inmate complaints about Warden Stevens at all during the relevant timeframe. Hawkinson also did not file and fully exhaust any inmate complaints alleging Degroot knew about Hawkinson's severe back and neck pain based on Hawkinson's administrative complaint but did not help Hawkinson. (DPFOF ¶¶ 3-5.)

**Inmate Complaint GBCI-2021-15929**

Hawkinson filed inmate complaint GBCI-2021-15929 on October 19, 2021, alleging the Green Bay Health Services Unit (HSU) was denying Hawkinson medical care. Hawkinson claimed he had written to both Defendant Utter and the Green Bay

HSU multiple times but had not received adequate care. The ICE and Reviewing Authority (RA) dismissed Hawkinson's inmate complaint, and Hawkinson did not appeal the RA dismissal. Inmate complaint GBCI-2021-15929 did not mention Defendants DeGroot or Stevens. (DPFOF ¶¶ 6-9.)

**<u>Inmate Complaint GBCI-2023-257</u>**

Hawkinson filed inmate complaint GBCI-2023-257 on January 5, 2023, alleging the Green Bay HSU was delaying Hawkinson medical care, which was causing Hawkinson extreme pain. DeGroot was the ICE for inmate complaint GBCI-2023-257. DeGroot investigated Hawkinson's claims and spoke with the Green Bay Assistant Health Services Manager who had reviewed Hawkinson's medical records. DeGroot wrote in his findings that he relied on the Green Bay medical staff's responses, documentation, and professional judgment when DeGroot subsequently dismissed Hawkinson's inmate complaint. The RA then reviewed and also dismissed inmate complaint GBCI-2023-257. Hawkinson did not mention DeGroot or Stevens in his initial GBCI-2023-257 inmate complaint. (DPFOF ¶¶ 10-14.)

Hawkinson then appealed the RA dismissal. On appeal, Hawkinson alleged that DeGroot did not investigate Hawkinson's claim that HSU was torturing Hawkinson starting on December 22, 2021. That date does not correspond to any of the dates of the relevant inmate complaints that Defendants have cited, as Hawkinson filed GBCI-2021-15929 on October 19, 2021, two months before DeGroot allegedly ignored the HSU torture, and DeGroot did not file GBCI-2023-257 until January 5, 2023. In the GBCI-2023-257 appeal, Hawkinson also claimed DeGroot is

not qualified to examine medical claims and DeGroot only relied on the medical professionals' opinions in determining Hawkinson's inmate complaint dispositions. Hawkinson did not mention Stevens in GBCI-2023-257's appeal. (DPFOF ¶¶ 15-17.)

**Inmate Complaint GBCI-2023-9773**

Hawkinson then filed inmate complaint GBCI-2023-9773 on July 5, 2023, again alleging the Green Bay HSU was denying and delaying Hawkinson medical care. Hawkinson's initial GBCI-2023-9773 inmate complaint names several people he believes are complicit in delaying or denying Hawkinson medical care, including nurses and doctors, but the initial complaint does not mention DeGroot, Stevens, or any other non-medical staff. The ICE investigated Hawkinson's allegations and subsequently dismissed Hawkinson's complaint. The RA reviewed Hawkinson's allegations and also dismissed Hawkinson's complaint, so Hawkinson appealed. In the GBCI-2023-9773 appeal, Hawkinson again never mentions DeGroot or Stevens.

## STANDARD OF REVIEW

Under Federal Rules of Civil Procedures 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, more than mere conclusory

allegations are required to defeat a motion for summary judgment. *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 840 (7th Cir. 1996). In order for a party "to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

## ARGUMENT

**DeGroot and Stevens are entitled to summary judgment because Hawkinson did not exhaust his administrative remedies.**

### A. The Prison Litigation Reform Act requires an inmate to exhaust his administrative remedies before filing a lawsuit.

The Prison Litigation Reform Act (the Act) "mandates that an inmate exhaust 'such remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854–55 (2016) (quoting 42 U.S.C. § 1997e(a)). Specifically, it provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Act "speaks in unambiguous" and "mandatory" terms—"An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross,* 136 S. Ct. at 1856.

As to reach, the Act "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA exhaustion rule is "comprehensive" and "very broad." *Smith v. Zachary*, 255 F.3d 446, 451-52 (7th Cir. 2001). There is no futility exception to the exhaustion requirement. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). "No one can *know* whether administrative requests will be futile; the only way to find out is to try." *Id.* at 536. Nor is there a substantial compliance exception; a good faith attempt to exhaust is not enough. *Zachary*, 255 F.3d at 452. Furthermore, exhaustion is required no matter what relief the plaintiff seeks. *Booth v. Churner*, 532 U.S. 731, 734, (2001).

There are several important policy considerations behind the PLRA exhaustion rule. Administrative exhaustion restricts frivolous claims, gives prison officials the opportunity to address a situation internally, develops the factual record, and reduces the scope of litigation. *Zachary*, 255 F.3d at 450-51. "The statute embodies a firm congressional will that keeps with a bedrock principle of our jurisprudence: 'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *McCoy v. Gilbert*, 270 F.3d 503, 509-10 (7th Cir. 2001) (quoting *Thomas v. Ramos*, 130 F.3d 754, 759 (7th Cir. 1997) (citations omitted)).

To "exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Lockett*, 937 F.3d at 1025 (citation omitted). This means an inmate must "properly" pursue "each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The steps an inmate must follow are established by state law. *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA."). And they are "interpreted strictly," meaning "a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'" *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (citation omitted).

"Failure to exhaust 'is an affirmative defense, and the burden of proof is on the defendant[ ].'" *Lockett*, 937 F.3d at 1025 (citation omitted). Accordingly, the defendant must "show [the inmate's] failure to exhaust." *Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019). If the defendant meets this burden, a district court must dismiss the case. *Ross*, 136 S. Ct. at 1857 ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

### B. To exhaust in Wisconsin, an inmate must comply with Wis. Admin. Code Ch. DOC 310.

Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code ch. DOC 310 (2018). The Code makes clear its objective: "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code

§ DOC 310.01(1); *see also Lockett*, 937 F.3d at 1027 ("[T]he primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury.").

To achieve that purpose, the Code created the "inmate complaint review system." Wis. Admin. Code § DOC 310.04(1). Under the review system, an inmate must "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before "filing a formal complaint." Wis. Admin. Code § DOC 310.07(1). If no resolution can be reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2).

Once an inmate files a complaint, the institution complaint examiner must "collect and date stamp all complaints with the date collected." Wis. Admin. Code § DOC 310.10(1). The institution complaint examiner must further "give written notice to the inmate within 10 days of collection that the complaint has been received." Wis. Admin. Code § DOC 310.10(4).

The institution complaint examiner must then return, reject, or accept and investigate a complaint. Wis. Admin. Code § DOC 310.10(2). An institution complaint examiner may "return a complaint within 10 days if it does not meet the criteria under s. DOC 310.07 (1), (3), (4), and (5)." Wis. Admin. Code § DOC 310.10(5). An inmate has "one opportunity to correct and resubmit a returned complaint" within "ten" days. Wis. Admin. Code § DOC 310.10(5).

An institution complaint examiner may reject a complaint for one of nine reasons listed in the Code. Wis. Admin. Code §§ DOC 310.10(6) (listing the nine reasons an examiner may give for rejecting a complaint). If the institution complaint examiner rejects the complaint, the inmate "may appeal" "within 10 days" to the reviewing authority. Wis. Admin. Code § DOC 310.10(10). The reviewing authority examines only the basis for the rejection of the complaint, and its decision on the rejected complaint is final. Wis. Admin. Code § DOC 310.10(10).

An institution complaint examiner who accepts a complaint must "send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt." Wis. Admin. Code § DOC 310.10(9). An institution complaint examiner may recommend a complaint be "affirmed or dismissed in whole or in part." Wis. Admin. Code § DOC 310.10(12). If the reviewing authority dismisses the complaint, the inmate "may appeal" to the corrections complaint examiner "within 14 days after the date of the decision." Wis. Admin. Code § DOC 310.12(1).

The corrections complaint examiner may return an appeal for five reasons listed in the Code, may recommend rejection of an appeal that fails to comply with section 310.09, or it may accept an appeal. Wis. Admin. Code §§ DOC 310.12(2), (4)(a)–(e), (5). Should the corrections complaint examiner accept the appeal, it must "recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9).

The secretary must then "make a decision within 45 days following receipt of the [corrections complaint examiner's] recommendation." Wis. Admin. Code § DOC 310.13(1). The secretary must "affirm or dismiss the [corrections complaint examiner's] recommendation, in whole or in part, or return the appeal to the [corrections complaint examiner] for further investigation." Wis. Admin. Code § DOC 310.13(2). "The secretary's decision is final." Wis. Admin. Code § DOC 310.13(3).

### C. Hawkinson failed to exhaust his administrative remedies.

Here, Hawkinson failed to exhaust his administrative remedies as to DeGroot and Stevens. Hawkinson never filed any inmate complaints regarding Warden Christopher Stevens and Hawkinson's lack of medical care or any inmate complaints about Warden Stevens at all during the relevant timeframe. To exhaust his administrative remedies as to Stevens, Hawkinson was required to put the institution on notice of the claims Hawkinson was bringing, so the institution would have an opportunity to remedy Hawkinson's concerns. *Zachary*, 255 F.3d at 450-51; *see also Lockett*, 937 F.3d at 1027.

Wisconsin Administrative Code § DOC 310.09(1)(e) requires inmates to "clearly identify the issue" in their inmate complaints. While the regulation does not specify what "clearly" identifying the issue entails, the Seventh Circuit has held that "[w]hen the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)

(quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Here, Hawkinson never mentioned Stevens in any relevant inmate complaints, so he never identified any issue pertaining to Stevens at all, much less clearly identified the issue of Stevens allegedly ignoring Hawkinson's medical needs. As such, Hawkinson never put the institution on notice of any claims related to Stevens, so Hawkinson's claims against Stevens must be dismissed. *Ross*, 136 S. Ct. at 1857.

Similarly, Hawkinson failed to exhaust his administrative remedies as to DeGroot. Hawkinson did not file and fully exhaust any inmate complaints alleging Degroot knew about Hawkinson's severe back and neck pain based on Hawkinson's administrative complaint but did not help Hawkinson. Hawkinson does not mention DeGroot at all in two of the three relevant inmate complaints, GBCI-2021-15929 and GBCI-2023-9773. Hawkinson does mention DeGroot in inmate complaint GBCI-2023-257, but only in the complaint's appeal, so he failed to fully and properly exhaust his administrative remedies at every level. *Lockett*, 937 F.3d at 1025; *Pozo*, 286 F.3d at 1024. Assertions and arguments that are not presented in the initial inmate complaint are deemed waived and, therefore, unexhausted. *State ex rel. Laurich v. Litscher*, 2004 WI App 150, ¶ 24, 275 Wis. 2d 769, 686 N.W.2d 668. Since Hawkinson did not file and fully exhaust any inmate complaints alleging DeGroot knew about Hawkinson's neck and back conditions, yet failed to help Hawkinson, those claims are waived, unexhausted, and must be dismissed.

Hawkinson did not file any inmate complaints concerning Stevens and failed to fully exhaust any relevant inmate complaints concerning DeGroot, so Stevens and DeGroot are entitled to summary judgment on exhaustion grounds.

## CONCLUSION

This Court should grant DeGroot and Stevens' motion for summary judgment on exhaustion grounds and dismiss Plaintiff's claims as to those two Defendants.

Dated: April 29, 2024

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

***s/Bradley P. Soldon***
BRADLEY P. SOLDON
Assistant Attorney General
State Bar #1115763

KEVIN L. GRZEBIELSKI
Assistant Attorney General
State Bar #1098414

Attorneys for State Defendants
Utter, Henning, Kilmer, Baker, DeGroot, Bost, Soquet Yonash, Cotton, and Stevens

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-6823 (Soldon)
(608) 266-7234 (Grzebielski)
(608) 294-2907 (Fax)
soldonbp@doj.state.wi.us
grzebielskikl@doj.state.wi.us