UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID R. HAWKINSON,

                Plaintiff,

v.                                                                   Case No. 23-cv-634-pp

VIRGINIA TRZEBIATOWSKI, *et al.*,

                Defendants.

---

**ORDER DENYING STATE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 58), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 81), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RECRUITMENT OF IMPARTIAL EXPERT WITNESS (DKT. NO. 82), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT (DKT. NO. 83) AND SETTING CASE DEADLINES**

---

Plaintiff David R. Hawkinson, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights. The operative complaint consists of the amended complaint (Dkt. No. 20) and the supplemental complaint (Dkt. No. 25). On November 13, 2023, the court screened the amended complaint and allowed the plaintiff to proceed on Eighth Amendment medical care claims based on allegations that defendants Trzebiatowski and Utter denied and/or delayed providing him treatment for his back and neck conditions; that defendants Henning, Cotton, Bost, Kilmer, Baker and Yonash knew about the plaintiff's painful condition but did not provide him with medical care; and that defendant DeGroot knew about the plaintiff's condition

1

but did not help him. Dkt. No. 19 at 16; see also Dkt. No. 20 (Amended Complaint). On January 31, 2024, the court granted the plaintiff's motion for leave to file a supplemental complaint and to proceed on Eighth Amendment medical care claims against defendant Christopher Stevens based on allegations that Stevens knew about the plaintiff's ongoing, painful medical conditions and had the ability to help him but did not do so. Dkt. No. 32 at 10; see also Dkt. No. 25 (Supplemental Complaint).

The State defendants (Utter, Henning, Cotton, Bost, Kilmer, Baker, Yonash, DeGroot, Stevens) have filed a motion for partial summary judgment on exhaustion grounds, contending that the plaintiff did not exhaust his claims against DeGroot and Stevens.[1] Dkt. No. 58. This order addresses that motion, dkt. no. 58, as well as the plaintiff's motion to compel, dkt. no. 81, the plaintiff's motion for recruitment of expert witness, dkt. no. 82, and the plaintiff's motion for leave to file supplemental complaint, dkt. no. 83. Finally, this order sets a deadline for the defendants to file motions for summary judgment on the merits and to respond to the plaintiff's motion for summary judgment on the merits, dkt. no. 73.

I. **Summary Judgment Facts**

The plaintiff filed three inmate complaints related to his claims in this case: GBCI-2021-15929, GBCI-2023-257, and GBCI-2023-9773.[2] Dkt. No. 60

---

[1] Defendant Trzbiatowski is represented by separate counsel and has not filed a motion for summary judgment on exhaustion grounds.

[2] The plaintiff states that he filed two other inmate complaints, GBCI-2024-2860 and GBCI-2024-2859. Dkt. No. 67 at 7. But he filed these inmate

2

at ¶3. These inmate complaints did not name defendant Warden Stevens or defendant institution complaint examiner (ICE) DeGroot. Id. at ¶¶4-5.

A. GBCI-2021-15929

The plaintiff filed inmate complaint GBCI-2021-15929 on October 19, 2021, alleging that he had been denied medical care and was in excruciating pain. Dkt. No. 60 at ¶6. The plaintiff claimed that he had written to defendant Utter and Green Bay's Health Services Unit (HSU) multiple times but had not received care. Id. at ¶7. DeGroot, who was the ICE for the complaint, recommended dismissal and the reviewing authority dismissed the complaint; the plaintiff did not appeal the dismissal. Id. at ¶8.

B. Complaint GBCI-2023-257

The plaintiff submitted complaint GBCI-2023-257 on January 5, 2023, alleging that his medical care had been delayed for more than a year, which was causing him extreme pain. Dkt. No. 60 at ¶ 10. DeGroot, who was the ICE for the complaint, investigated the plaintiff's claims and spoke with the assistant health services manager. Id. at ¶¶11-12. DeGroot wrote in his findings that he relied on the Green Bay medical staff's responses, documentation and professional judgment when he recommended dismissal of the complaint. Id. at ¶12. The reviewing authority dismissed the complaint. Id. at ¶13.

---

complaints on February 23, 2024, well after he commenced this lawsuit, see dkt. no. 68-2 at 288-306, so they are not relevant to the claims he brings in this case. See 42 U.S.C. §1997e(a) (administrative remedies must be exhausted before bringing suit).

The plaintiff appealed the dismissal, alleging that DeGroot did not investigate his claim that HSU was torturing the plaintiff. Id. at ¶¶15-16. The plaintiff also said that DeGroot was not qualified to examine medical claims. Id. at ¶16. The corrections complaint examiner recommended affirming the dismissal of the complaint. Dkt. No. 61-3 at 5. But the office of the secretary did not accept that decision and affirmed the complaint, stating:

> Though the complainant was seen by a provider in May 2022, he was not seen for the issue he was referred to the provider for in December 2021. For that referral, he was not seen until October 2022. The BHS Director has reviewed and confirmed that waiting 10 months to see a provider for follow-up is not reasonable.

Id. at 6.

### C.     Complaint GBCI-2023-9773

The plaintiff submitted inmate complaint GBCI-2023-9773 on July 5, 2023, alleging the HSU was denying and delaying him medical care. Dkt. No. 60 at ¶18. The initial inmate complaint names several people the plaintiff believed had delayed or denied him medical care, including nurses and doctors. Id. at ¶19. The ICE investigated the plaintiff's allegations and recommended dismissal of the complaint. Id. at ¶20. The reviewing authority dismissed the complaint. Id. at ¶21. The plaintiff filed an appeal. Id. at ¶22. The corrections complaint examiner upheld dismissal of the complaint, as did the office of the secretary. Dkt. No. 61-4 at 5-6.

4

## II. Summary Judgment Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B. Discussion

The State defendants contend that the plaintiff failed to exhaust his administrative remedies regarding his claims against DeGroot and Stevens. Dkt. No. 59 at 2. They state that the plaintiff never mentioned Stevens in any inmate complaints related to the claims in this case and he never fully exhausted any inmate complaints against DeGroot.[3] Id.

The plaintiff responds that DeGroot and Stevens should not be dismissed because he has exhausted all administrative remedies. Dkt. No. 67 at 4. The plaintiff states that the Wisconsin Administrative Code and the Prison Litigation Reform Act do not require that staff members be named in inmate complaints. Id. at 4, 7. He also states that the inmate complaint process was unavailable to him because he did not have envelopes and stamps to appeal GBCI-2021-15929. Dkt. No. 67 at 9.

The defendants reply that the plaintiff's inmate complaints did not put the defendants on notice of his claims against DeGroot and Stevens. Dkt. No. 71 at 4. According to the defendants, the plaintiff's grievances assert claims against the institution's medical staff; they say that the institution would not have known that the plaintiff claimed Stevens and DeGroot were also ignoring the plaintiff's medical conditions and therefore that the institution could not investigate and address the problem. Id.

---

[3] The State defendants acknowledge that the plaintiff exhausted his claims against the State's medical defendants (Utter, Henning, Cotton, Bost, Kilmer, Baker, Yonash). Dkt. No. 59 at 2 n.1. The State defendants do not include defendant Trzebiatowski. Id.

6

The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The "Inmate Complaint Review System" (ICRS) in the Wisconsin prisons is the administrative remedy available to individuals with complaints about

prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated individual may commence a civil action, he must exhaust all administrative remedies the Department of Corrections (DOC) "has promulgated by rule." Wis. Admin. Code §DOC 310.05. The ICRS is available for individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the corrections complaint examiner (CCE). Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the secretary of the DOC. Wis. Admin. Code §DOC 310.12(9). The secretary affirms or dismisses the CCE's recommendation or returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

It is undisputed that the plaintiff fully exhausted complaints GBCI-2023-257 and GBCI-2023-9773. The plaintiff contends that he could not fully exhaust his third complaint, GBCI-2021-15929, because he lacked envelopes

and stamps to file an appeal to the corrections complaint examiner. While this could render remedies "unavailable," the plaintiff did not provide the court with a sworn statement regarding his ability (or inability) to file an appeal. Thus, the court cannot conclude that administrative remedies were not available for GBCI-2021-15929. See Fed. R. Civ. P. 56(c)(1). The plaintiff failed to exhaust that complaint.

In the two complaints the plaintiff *did* exhaust, he raised the issue that he was not receiving medical care, or that his care had been delayed, causing him severe pain. This is the claim upon which he is proceeding against all defendants, including DeGroot and Stevens. Although the court agrees with the State defendants that the factual bases for the plaintiff's Eighth Amendment claims against the defendants differ, the prison had notice of the plaintiff's issue that he believed he was not receiving adequate medical care.

"The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." Jackson v. Esser, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming that an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" Id. at 959 (quoting Schillinger v. Kiley, 954 F.3d 90, 995 (7th Cir. 2020)).

The PLRA exhaustion requirement ensures that "a prison has received notice of, and an opportunity to correct, a problem" before an incarcerated

individual files a lawsuit. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The PLRA does not specify what an incarcerated person must include in his inmate complaint to exhaust an issue. See Schillinger v. Kiley, 954 F.3d 990, 995 (7th Cir. 2020). Those requirements are found in the law establishing the administrative remedies. Id. Under the Wisconsin Administrative Code, an inmate complaint must contain "only one clearly identified issue[]" and "sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code §§DOC 310.07(5), (6). Wisconsin's rules do not require that incarcerated persons name individuals in their inmate complaints. See also Jones v. Bock, 549 199, 217 (2007) ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement."). To exhaust under Wisconsin's prison rules, inmate complaints must "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code. §DOC 310.09(1)(e).

Based on the plaintiff's inmate complaints, the prison received notice of his claims regarding the alleged delay and denial of medical care. The plaintiff exhausted his medical care claims against DeGroot and Stevens. The court will deny the State defendants' motion for partial summary judgment on exhaustion grounds.

### III. Plaintiff's Motion to Compel, Dkt. No. 81

On August 19, 2024, the plaintiff filed a motion to compel under Fed. R. Civ. P. 37(a), alleging that the defendants have not fully responded to some of his discovery requests. Dkt. No. 81. First, he contends that the State defendants provided an incomplete response to his first interrogatory, in which

he sought details about the duties of their employment positions. Id. at 3. The plaintiff states that the defendants simply provided job titles, with no other information. Id. Second, the plaintiff asserts that the State defendants erroneously objected to his second interrogatory in which he sought "the extent of defendants' knowledge and ability to secure[] the name, office, title, telephone number of all persons having knowledge pertaining to the facts stated in Plaintiff's Complaint and the defen[s]es and factual assertions in Defendants['] Answer." Id. Third, the plaintiff references the defendants' answer to "Admission 26" but does not provide more information about that discovery request. Id. Fourth, the plaintiff references making available for inspection psychological and psychiatric records. Id. at 3-4. He also references an admission request regarding the prescription of Duloxetine pain medication. Id.

The State defendants respond that they are supplementing discovery related to their position descriptions, which the plaintiff sought in his first interrogatory. Dkt. No. 86 at 1. The State defendants contend that the plaintiff has not attempted to confer on any other discovery issues and therefore that the court should deny his motion to compel. Id. The defendants also assert that they appropriately objected to the plaintiff's second interrogatory because it is overbroad and premature. Id. at 3-4. The defendants contend that the plaintiff does not include enough information about any other discovery requests to allow them to reasonably respond. Id. at 4.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

11

case[.]" Fed. R. Civ. P. 26(b)(1). When determining whether discovery is appropriate, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

The defendants have supplemented their answer to the plaintiff's first interrogatory, construed it as a request for production of documents and sent the plaintiff position descriptions. For the rest of the discovery requests in the plaintiff's motion to compel, the plaintiff has not satisfied the requirement that he confer with the defendants before seeking court action. See Fed. R. Civ. P. 37(a). The plaintiff includes a letter he wrote to the defendants, but that letter does not specifically explain why he believes the defendants' responses to any other discovery requests are deficient. Dkt. No. 81-1. Even if the plaintiff had included that information, the court agrees with the defendants that the plaintiff's second interrogatory is overbroad and premature. The court will deny the plaintiff's motion to compel.

**IV.    Plaintiff's Motion for Recruitment of Expert Witness, Dkt. No. 82**

The plaintiff asks the court to appoint an "impartial Expert Witness or Witnesses that will be effective enough experts for the matters at hand[,] [i]ncluding but not limited to General practitioner, Cardiologist, Rheumatologist, [O]rthopedist." Dkt. No. 82 at 1. He seeks appointment of an

12

Case 2:23-cv-00634-PP    Filed 02/14/25    Page 12 of 16    Document 91

expert under Federal Rule of Evidence 706. Id. at 2. The defendants did not respond to the plaintiff's motion.

> Federal Rule of Evidence 706 provides in relevant part:
>
> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

Fed. R. Evid. 706(a). "This rule codifies the inherent power of a trial judge to appoint an expert who will function as a neutral expert serving the court rather than any particular party." Stevenson v. Windmoeller & Hoelscher Corp., 39 F.4th 466, 468 (7th Cir. 2022) (citing 29 Charles A. Wright & Victor J. Gold, Federal Practice & Procedure, §§6301-02 (1997)). The purpose of a court-appointed expert is to help the court evaluate the evidence or decide a fact in issue. Id. at 469 (citing Giles v. Godinez, 914 F.3d 1040, 1053 (7th Cir. 2019)); see also Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997).

The plaintiff has filed a motion for summary judgment. Dkt. No. 73. This order sets a deadline for the defendants to respond to that motion and to file their own motions for summary judgment on the merits. It would be premature for the court to appoint an expert before the defendants file motions for summary judgment on the merits and respond to the plaintiff's motion. The court in all probability will not need an expert to resolve the summary judgment motions because the constitutional violations most likely hinge on the defendants' states of mind. See Giles, 914 F.3d at 1054. In any event, the plaintiff's motion is premature, and the court will deny it without prejudice. If

the plaintiff's claims survive summary judgment and the court schedules the case for trial, the plaintiff may renew his request for appointment of an expert.

## V.     Plaintiff's Motion to File Supplemental Complaint, Dkt. No. 83

The plaintiff moves for leave to file a supplemental complaint "that includes actions that involve the same evidence and a continuing pattern of violations." Dkt. No. 83 at 4. He states that this will save the court and the parties time and money, and that it would not have been necessary if the defendants had acted in good faith during discovery. Id. The plaintiff has filed a proposed supplemental complaint that adds multiple claims against new defendants, including ten John Doe defendants. Dkt. No. 83-1.

The State defendants oppose the plaintiff's motion. Dkt. No. 85 at 1. They argue that his request to add state law claims and new defendants will complicate the procedural posture of this case, significantly add to the overall complexity of the case and result in delayed resolution of existing claims. Id. at 2.

Federal Rule of Civil Procedure 15(d) allows the court to permit a party to serve a supplemental pleading "setting out any transactions, occurrence, or event that happened after the date of the pleading to be supplemented." The plaintiff does not have an absolute right to file a supplemental complaint. Chi. Regional Council of Carpenters v. Village of Schaumburg, 644 F.3d 353, 356 (7th Cir. 2011). Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings generally are based on the same factors of fairness the courts weigh when considering motions to amend pleadings under Rule 15(a).

14

See Glatt v. Chi. Park Dist., 87 F.3d 190, 194 (7th Cir 1996). A court properly denies a supplemental pleading under Rule 15(d) when there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The court previously allowed the plaintiff to file a supplemental complaint regarding his claim against defendant Stevens. Dkt. No. 32 at 10. The court reasoned that allowing the supplemental complaint would not unduly delay the case because not all defendants had been served. Id. In contrast to the plaintiff's prior supplemental complaint (that involved a claim against one defendant), the instant motion to supplement the complaint involves new claims against multiple defendants, including speculative and undeveloped allegations against Doe defendants. Dkt. No. 83-1. In addition, all the current defendants have been served and the case is at the summary judgment stage. Allowing the plaintiff to supplement the complaint at this late stage would unduly delay and complicate the case, and it would prejudice the defendants. The court will deny the plaintiff's motion to file a supplemental complaint.

**VI. Conclusion**

The court **DENIES** the State defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 58.

15

Case 2:23-cv-00634-PP    Filed 02/14/25    Page 15 of 16    Document 91

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 81.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for recruitment of impartial expert witness. Dkt. No. 82.

The court **DENIES** the plaintiff's motion for leave to file a supplemental complaint. Dkt. No. 83.

The court **ORDERS** that the deadline for the parties to respond to the plaintiff's motion for summary judgment on the merits is **April 4, 2025.**

The court **ORDERS** that the deadline for the defendants to file motions for summary judgment on the merits is **April 4, 2025**.

The court **ORDERS** that the parties must file their motions and/or briefs in time for the court to *receive* them by day's end on April 4, 2025.

Dated in Milwaukee, Wisconsin this 14th day of February, 2024.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**
