UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID R. HAWKINSON,

            Plaintiff,

v.                                                 Case No. 23-cv-634-pp

VIRGINIA TRZEBIATOWSKI, *et al.*,

            Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION AND SANCTION (DKT. NO. 105) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 124)**

      Plaintiff David R. Hawkinson, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights. The operative complaint consists of the amended complaint (Dkt. No. 20) and the supplemental complaint (Dkt. No. 25). The court screened the amended complaint and allowed the plaintiff to proceed on Eighth Amendment medical care claims based on allegations that defendants Trzebiatowski and Utter denied and/or delayed providing him treatment for his back and neck conditions; that defendants Henning, Cotton, Bost, Kilmer, Baker and Yonash knew about the plaintiff's painful condition but did not provide him with medical care; and that defendant DeGroot knew about the plaintiff's condition but did not help him. Dkt. No. 19 at 16; <u>see also</u> Dkt. No. 20 (Amended Complaint). The court subsequently granted the plaintiff's motion for leave to file a supplemental complaint and to proceed on Eighth Amendment medical care claims against

1

defendant Christopher Stevens based on allegations that Stevens knew about the plaintiff's ongoing, painful medical conditions and had the ability to help him but did not do so. Dkt. No. 32 at 10; see also Dkt. No. 25 (Supplemental Complaint). This order addresses the plaintiff's motion for injunction and sanction, dkt. no. 105, and his motion for extension of time to respond to the defendants' motions for summary judgment, dkt. no. 124.

I.  **Motion for Injunction and Sanction (Dkt. No. 105)**

On May 14, 2025, the court received from the plaintiff motion for injunction and sanction in which he states that defendant Stevens is interfering with his access to the courts. Dkt. No. 105. The plaintiff states that this is an "additional lawsuit"; he describes delays that he has experienced in receiving his legal mail as well as law library closures and "phone blackouts." Id. at 1-2. He asks the court to order Stevens to provide laptops to all incarcerated individuals, make PACER available on all institution devices and institute a typing app with a confidential file to store legal documents. Id. at 2. The plaintiff also asserts that the court should order deadlines for institutions to follow for processing incarcerated individuals' legal materials. Id. at 3.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be

inadequate; and (3) he will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Id. at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Id. (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of litigation by incarcerated persons, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The relief the plaintiff seeks relates to his access to the law library and other resources at Green Bay Correctional Institution, where he previously was

incarcerated, and he seeks relief from defendant Stevens, who is the warden at Green Bay. After the plaintiff filed his motion, he was moved to Oshkosh Correctional Institution, so his arguments related to procedures at Green Bay no longer are relevant. Even if the plaintiff were still at Green Bay, he cannot obtain injunctive relief in this lawsuit based on allegations regarding access to the courts because those allegations are not related to the underlying claims in this case. A preliminary injunction is not appropriate when "it deals with a matter lying wholly outside the issues in the suit." Prucha v. Watson, Case No. 20-cv-00199, 2021 WL 11086448, at *2 (S.D. Ind. Dec. 15, 2021) (quoting DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). In any event, as it relates to this case, the court has granted the plaintiff's requests for extension of time and responded to his concerns that he did not timely receive materials from the defendants and the court. The court will deny the plaintiff's motion for injunction and sanctions.

## II. Motion for Extension of Time (Dkt. No. 124)

The plaintiff asks for an extension of time until July 15, 2025 to respond to the defendants' motions for summary judgment. Dkt. No. 124. He says that he needs more time because he recently was hospitalized and because legal mail and access to legal materials have been delayed at his institution. Id. at 2. The defendants have filed motions for summary judgment. Dkt. Nos. 93 (defendant Trzebiatowski), 109 (defendants Baker, Bost, Cotton, DeGroot, Henning, Kilmer, Yonash, Stevens, Utter—the "State defendants"). The

plaintiff's deadline to respond to these summary judgment motions was July 3, 2025.

The court will grant the plaintiff's motion for extension of time. He must respond to the defendants' motions for summary judgment by the deadline set below.

### III. Conclusion

The court **DENIES** the plaintiff's motion for injunction and sanction. Dkt. No. 105.

The court **GRANTS** the plaintiff's motion for extension of time to respond to the defendants' motions for summary judgment. Dkt. No. 124. The court **ORDERS** that by the end of the day on **July 25, 2025**, the plaintiff must respond to the defendants' motions for summary judgment. This means that the plaintiff must file his response(s), or an explanation for why he cannot timely file a response, in time for the court to *receive them* If by the end of the day on July 25, 2025. If the court does not receive from the plaintiff his response to the defendants' summary judgment motions (or a written explanation of why he cannot file that response) by the end of the day on July 25, 2025, the court will treat the defendants' motions as unopposed, without considering a response from the plaintiff.

Dated in Milwaukee, Wisconsin this 8th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**