UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID HAWKINSON,

                Plaintiff,

v.                                                  Case No. 23-cv-634-pp

VIRGINIA TRZEBIATWOSKI, *et al.*,

                Defendants.

## ORDER DENYING AS PREMATURE PLAINTIFF'S MOTION TO HAVE HIS SISTER TAKE OVER CASE (DKT. NO. 38)

      At the October 27, 2025 telephonic status conference, the plaintiff reminded the court that he has alleged that his heart is failing and that he is very ill. He told the court that some time ago, he had filed some motions asking whether his sister could take over the case if he dies; he stated that he thought the motions were on the docket around Dkt. No. 38. The document that the plaintiff referenced is a "Critically Ill Statement" that he filed on February 8, 2024, in which he said that he hoped the statement would help his sister "hold the Defendants" in this case. Dkt. No. 38 at ¶1.

      If the plaintiff dies before this case is over, his claims will survive, and they would belong to his estate. See McSwain v. Schrubbe, 382 Fed. App'x 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 25(a)(1) allows courts to substitute a proper party if an existing party dies while litigation is ongoing. The proper party is "the decedent's successors (if his estate has been distributed) or a personal representative ([if] it has not been)." Atkins v. City of

Chicago, 547 F.3d 869, 873 (7th Cir. 2008). If the plaintiff's sister is the administrator or personal representative of his estate, then under Federal Rule of Civil Procedure 25(a), she may file a motion to substitute as plaintiff within 90 days after service of a statement noting the plaintiff's death. The plaintiff should be aware that his sister cannot represent his estate in this lawsuit "without the assistance of a lawyer unless she is 'the sole beneficiary of the estate.'" Mix v. Carr, Case No. 23-cv-826, 2025 WL 1193158, at *1 (W.D. Wis. April 24, 2025) (quoting Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007)). If the plaintiff passes away and the plaintiff's sister files a motion to substitute herself as plaintiff, the court will decide at that time whether she is the proper party. But the court cannot appoint or substitute the plaintiff's sister *before* the plaintiff dies. To the extent that the plaintiff intended his "Critically Ill Statement" to be a motion asking the court to substitute his sister as plaintiff or to appoint his sister as his personal representative, the court will deny that motion as premature.

The court **DENIES AS PREMATURE** the plaintiff's motion to have sister take over the case. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 31st day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**